Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM TGA, INC., | No. '12CV0792 MMA WVG |
| Plaintiff, | Judge: |
| v. | Magistrate: |
| TYREE PASCHALL, | **COMPLAINT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Millennium TGA, Inc., through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff files this action for copyright infringement under the United States Copyright Act and related common law claims of civil conspiracy and contributory infringement to combat the willful and intentional infringement of two of its creative works. Tyree Paschall and his joint tortfeasors, whose names Plaintiff expects to ascertain during discovery, knowingly and illegally, reproduced and distributed Plaintiff's copyrighted creative works, and materially contributed to the infringing conduct by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

## THE PARTIES

1. Defendant Tyree Paschall is an individual who is incarcerated at the Vista Detention Facility in Vista, California. On information and belief, Mr. Paschall is the subject of an active investigation into the murder of a transgender individual.

2. Plaintiff Millennium TGA, Inc. is a corporation organized and existing under the laws of the State of Hawaii. Plaintiff is a prominent producer of transgender adult entertainment content. The copyrighted works at issue here are two of these adult videos, "Shemale Yum – Jenna Comes A'Knocking!" and "Shemale Pornstar: Vaniity" (collectively referred to as "the Videos"). Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative works that are the subject of this Complaint.

3. The identities of Mr. Paschall's joint tortfeasors are unknown to Plaintiff. Instead, they are known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted contents, Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A, attached hereto, via the BitTorrent protocol. On information and belief, Mr. Paschall used IP addresses 98.176.153.159 on August 14, 2011 at 10:43 a.m. (UTC) and IP address 72.197.0.75 at 4:51 a.m. (UTC) on November 16, 2011. The IP addresses of Mr. Paschall's joint tortfeasors are listed on Exhibit A attached hereto.

4. Plaintiff cannot ascertain the identities of Mr. Paschall's joint tortfeasors without information from their respective Internet Service Providers ("ISPs").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim and the contributory infringement claim under 28 U.S.C. § 1367(a) because they are so related to

Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that these three claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because upon information and belief, Mr. Paschall resides in the State of California.

7. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Mr. Paschall resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

8. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

9. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10. Standard peer-to-peer ("P2P") protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

11. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent

protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

12. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

13. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of Mr. Paschall's peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries

around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

17. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Videos.

**ALLEGATIONS COMMON TO ALL COUNTS**

18. Plaintiff owns the copyright to the Videos.

19. Plaintiff has applied for and received certificates of copyright registration from the United States Copyright Office for "Shemale Yum – Jenna Comes A'Knocking!" (Reg. No. PA0001759869) and Plaintiff has applied for a certificate of copyright registration for "Shemale Pornstar: Vaniity" from the United States Copyright Office, and that application is currently pending (Application No. 1-631393202).

20. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Videos were protected under the copyright laws of the United States.

21. Plaintiff employs proprietary P2P network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Videos. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Mr. Paschall and his joint tortfeasors, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Videos, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Videos, and reproduced and distributed the Videos to numerous third parties.

23. By willfully entering a BitTorrent swarm with the intent to download an unlawful copy of the Plaintiff's Videos, Mr. Paschall and his joint tortfeasors, each and individually, automatically became an uploader as well as a downloader. Mr. Paschall and his joint tortfeasors thereby provided pieces of the Videos to other infringing peers in the swarm for them to exchange and distribute, with the overarching purpose that the ever-growing swarm will jointly contribute to the complete download of the Videos for all individuals that enter the swarm at any given moment.

24. Plaintiff observed Mr. Paschall's and his joint tortfeasors' activities in the torrent swarm specific to the Videos and created a log identifying Mr. Paschall and his joint tortfeasors by their IP address and the date and time of their unlawful activity. The IP addresses associated with Mr. Paschall and his joint tortfeasors are identified on Exhibit A to this Complaint.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26. Mr. Paschall's and his joint tortfeasors' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Mr. Paschall's and his joint tortfeasors' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

28. Plaintiff has been damaged by Mr. Paschall's and his joint tortfeasors' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Mr. Paschall's and his joint tortfeasors' conduct.

29. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

30. As Mr. Paschall's and his joint tortfeasors' infringement were intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

### COUNT II – CIVIL CONSPIRACY

31. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32. In using the peer-to-peer BitTorrent file distribution method, Mr. Paschall and his joint tortfeasors engaged in a concerted action with other yet unnamed individuals to reproduce and distribute Plaintiff's Videos by exchanging pieces of the Videos file in the torrent swarm with their peers.

33. Mr. Paschall and his joint tortfeasors downloaded the torrent files, opened them using a BitTorrent client, and then entered torrent swarms comprised of other individuals distributing and reproducing Plaintiff's Videos.

34. Participants in the torrent swarms conspired to provide other individuals with pieces of the Videos in exchange for receiving other pieces of the Videos to eventually obtain a complete copy of the files.

35. In furtherance of this civil conspiracy, Mr. Paschall and his joint tortfeasors committed overt tortious and unlawful acts by using BitTorrent software to download the Videos from and distribute them to others, and were willful participants in this joint activity.

36. As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

### COUNT III – CONTRIBUTORY INFRINGEMENT

37. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

38. Mr. Paschall and his joint tortfeasors are liable as contributory copyright infringers for the infringing act of fellow infringers in the swarms identified in Exhibit A to this Complaint.

Mr. Paschall and his joint tortfeasors induced, caused, or materially contributed to each act of infringement by other fellow infringers in the same swarm.

39. Mr. Paschall and his joint tortfeasors had actual and constructive knowledge that they were illegally downloading and distributing Plaintiff's Videos without authorization or consent.

40. Mr. Paschall and his joint tortfeasors, each and individually, knew or had reason to know that they were engaged in an act consisting of direct infringement of Plaintiff's copyrights.

41. Mr. Paschall and his joint tortfeasors, acting with this actual and constructive knowledge, induced, caused, or materially contributed to the actions of their infringing peers seeking to illegally download and distribute Plaintiff's copyrighted Videos which, due to the specific nature of BitTorrent technology, Mr. Paschall and his joint tortfeasors necessarily enabled to accomplish. In particular, Mr. Paschall and his joint tortfeasors exchanged pieces among one another which enabled the recipients to exchange for even more pieces of the infringing file.

42. Mr. Paschall's and his joint tortfeasors' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

43. As a result of the contributory infringement of the Videos by Mr. Paschall and his joint tortfeasors, Plaintiff has been damaged, as is more fully alleged in Count I.

## JURY DEMAND

44. Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1) Judgment against Mr. Paschall that he has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by his acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Mr. Paschall for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Mr. Paschall's possession or under their control;

4) On Count II, an order that Mr. Paschall is jointly and severally liable to Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against Mr. Paschall, jointly and severally, in an amount to be determined at trial;

5) On Count III, an order that Mr. Paschall is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement; for an award of compensatory damages in favor of the Plaintiff and against Mr. Paschall, jointly and severally, in an amount to be determined at trial;

6) Judgment in favor of Plaintiff against Mr. Paschall, awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7) Judgment in favor of the Plaintiff against Mr. Paschall, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: April 2, 2012**

By:   /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

By:  /s/ Brett L. Gibbs
Brett L. Gibbs, Esq. (SBN 251000)
*Attorney for Plaintiff*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Millennium TGA, Inc.

### DEFENDANTS
Tyree Paschall

(b) County of Residence of First Listed Plaintiff: **Honolulu**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Prenda Law Inc., 38 Miller Avenue, #263, Mill Valley, CA 94941; 415-325-5900

Attorneys (If Known)

**'12CV0792 MMA WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 101 et seq.

Brief description of cause:
Plaintiff sues Tyree Paschall for violting its copyright through bittorrent sharing.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____  DOCKET NUMBER ____

DATE: 04/02/2012

SIGNATURE OF ATTORNEY OF RECORD: /s/ Brett L. Gibbs

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____