UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILLENIUM TGA, INC., | ) | No. 12-CV-0792-MMA (WVG) |
| Plaintiff, | ) ) ) | **ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| v. | ) ) | |
| TYREE PASCHALL, | ) ) | [DOC. NO. 3] |
| Defendant. | ) ) ) | |

Pending before the Court is Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery. (Doc. No. 3.) For the reasons stated below, Plaintiff's *Ex Parte* Application is DENIED.

This case was filed on April 2, 2012. (Doc. No. 1.) On May 4, 2012, Plaintiff submitted an *Ex Parte* Application to this Court, requesting leave to serve immediate discovery on third party Internet Service Providers ("ISPs") to obtain information about third party internet subscribers. Attached as Exhibit A of the *Ex Parte* Application is a list of thousands of Internet Protocol ("IP") addresses corresponding to the dates and times of the copyright infringement alleged in Plaintiff's Complaint. (Doc. No. 1; Doc. No. 3, Exh. A.)

Plaintiff requests leave to take expedited discovery in order to serve subpoenas upon the ISPs identified in Exhibit A. (Doc. No. 3 at 4.) The subpoenas will allow Plaintiff to obtain basic contact information for the internet subscribers listed in Exhibit A.[1] (Doc. No. 3 at 5-6; Exh. A.)

---

[1]  Plaintiff's *Ex Parte* Application is unclear as to the specific contact information that Plaintiff plans to identify in the subpoenas to be served on the ISPs. The Application merely states that "basic contact information" is needed. (Doc. No. 3 at 5-6.)

Plaintiff claims that expedited discovery is necessary because, without the names and contact information associated with each IP address allegedly involved in the BitTorrent swarm,[2/] Plaintiff cannot establish damages. Id. at 9.

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. See Semitool, Inc. V. Tokyo Electon Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); U.S. v. Distribuidora Batiz CGH, S.A. DE C.V., 2009 WL 2487971, at 10 (S.D. Cal. 2009). A balancing test is used to determine the presence of good cause. See Semitool, 208 F.R.D. at 267-268. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

Plaintiff's *Ex Parte* Application outlines the balancing test and emphasizes that the need for obtaining the IP subscribers' identifying information outweighs any prejudice.[3/] However, the Court finds that Plaintiff's balancing test analysis is premature. Plaintiff has failed to first convince the Court that there is any need for the requested discovery.

Plaintiff claims that there is a substantial need for the expedited discovery because damages cannot be established against Defendant without gathering evidence of and from the individuals with the IP addresses listed in Exhibit A. (Doc. No. 3 at 3-4.) "Without determining these identities, Plaintiff will have no means of computing the damages that can be attributed to [Defendant's] infringing activities." Id. at 4. "When this information is erased, Plaintiff will have no ability to identify [Defendant's] joint tortfeasors, and thus will be unable to determine damages related to its

---

[2/] BitTorrent is a modern file sharing method used for distributing data via the Internet. (Doc. No. 1 at 3.) Plaintiff's Complaint alleges that its creative work, "Shemale Yum - Jenna Comes A'Knocking!" was illegally shared by thousands of IP addresses participating in a BitTorrent swarm. Id. at 2. Exhibit A lists the IP addresses of all alleged participants in the BtTorrent swarm at issue in Plaintiff's Complaint.

[3/] Plaintiff first argues that the expedited discovery does not prejudice Defendant, and later argues that the discovery does not prejudice the IP subscribers. (Doc. No. 3 at 6, 9.)

copyright infringement claims." Id. at 5. But while Plaintiff's *Ex Parte* Application stresses the need for this information in order to assess damages, the Court is left puzzled by the obvious - an explanation regarding why the identities of the IP subscribers are necessary to assess damages when the extent of the alleged infringing activity is captured in full in Exhibit A. Plaintiff fails to adequately explain, or even attempt to explain, its reasoning and the Court is left to make that connection on its own, and is unable to do so. Exhibit A lists the IP addresses of the thousands of alleged infringers of the creative work at issue, along with the dates and times that the alleged infringing activity occurred. Id. at Exh. A.

If Plaintiff's true reason for requesting expedited discovery is to assess damages, the Court finds that the thousands of IP addresses, complete with dates and times of each alleged copyright infringement activity, should be sufficient to calculate such damages. The Court is at a loss to understand how names, addresses, phone numbers, and email addresses connected to each IP address listed in Exhibit A could possibly assist Plaintiff in a computation of damages against Defendant.

Instead of explaining why damages cannot be calculated using the information in Exhibit A, Plaintiff's *Ex Parte* Application sets forth conclusory and inapplicable reasons as to why the court should grant the discovery request:

> First, this information is essential to Plaintiff's ability to conclude this action. Second, this information is critical to Plaintiff's claims. Finally, the information is under an imminent threat of destruction.

Id. at 3.

Further, Plaintiff claims that limited expedited discovery requests of this type are "far from unprecedented," but supports this assertion with cases that are inapplicable to the instant litigation. Plaintiff cites numerous cases that discuss expedited discovery in litigation involving only Doe defendants. The rationale in those cases does not apply here, where Defendant Paschall is the only named Defendant, and there are no Doe defendants being sued.

## IV. CONCLUSION

The Court finds that Plaintiff has not demonstrated good cause to warrant the expedited discovery requested. Therefore, Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery is DENIED.

1 | IT IS SO ORDERED.

2 | DATED: May 21, 2012

```
                              _____
                              Hon. William V. Gallo
                              U.S. Magistrate Judge
```