Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM TGA, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> TYREE PASCHALL, <br><br>   Defendant. | Case No. 3:12-cv-00792-MMA-WVG <br><br> **PLAINTIFF'S RENEWED APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

**INTRODUCTION**

Plaintiff Millennium TGA, Inc. respectfully submits this renewed application for leave to take expedited discovery into the identities of Defendant Tyree Paschall's joint tortfeasors. On May 21, 2012, the Court denied Plaintiff's motion for leave to take expedited discovery. (ECF No. 5.) In its denial, the Court stated, "Plaintiff has failed to first convince the Court that there is any need for the requested discovery." (ECF No. 5 at 2.) Specifically, the Court criticized Plaintiff for "set[ting] forth conclusory and inapplicable reasons as to why the court should grant the discovery request." (*Id.* at 3.) In this renewed application, Plaintiff directly addresses the shortcomings identified by the Court with respect to the original application for expedited discovery (ECF No. 3), which is hereby made a part of this renewed application as if set forth fully herein.

**DISCUSSION**

The identifying information of the alleged joint tortfeasors is necessary in this case for three reasons. First, Exhibit A does not capture the full extent of the alleged infringing activity. Second, multiple IP addresses can be associated with a single individual. Finally, in order to prove contributory infringement, one must prove an underlying direct infringement.

## I. EXHIBIT A DOES NOT CAPTURE THE FULL EXTENT OF THE ALLEGED INFRINGING ACTIVITY

The first reason why the identifying information of the joint tortfeasors is necessary is because Exhibit A does not capture the full extent of the alleged infringing activity. The Court expressed puzzlement about why Plaintiff would need the joint tortfeasors' identities when "the extent of the alleged infringing activity *is captured in full in Exhibit A*." (ECF No. 5 at 3.) (emphasis added.) In response, Plaintiff hereby clarifies that Exhibit A does not represent the full extent of the infringing activity associated with its allegations against Mr. Paschall. Exhibit A only lists the United States-based peers that Plaintiff's agents observed participating in the BitTorrent swarm particular to this case. (*See* Ex. A ECF No. 1-1) (listing only United States-based Internet Service Providers). BitTorrent software is used internationally.[1] Further, Exhibit A only lists the IP addresses that Plaintiff's software detected. (Hansmeier Decl. ECF No. 3-1 ¶¶ 14-26.) Infringers often deploy countermeasures to evade detection.[2] To the extent these countermeasures were effective, U.S.-based infringers avoided detection by Plaintiff's forensic software and are not listed on Exhibit A.

However, these infringers' IP addresses are still ascertainable. The infringers would have participated in the same swarm as the infringers listed on Exhibit A because swarms are formed with respect to a unique hash value—regardless of geographic locale or countermeasures deployed. (*See* Hansmeier Decl. ECF No. 3-1 ¶ 19.) The infringers' IP addresses are contained in BitTorrent log files on the computers of the infringers listed on Exhibit A.[3] By reference to these log files Plaintiff

---

[1] *E.g.*, Janko Roettgers, *Researchers: BitTorrent Is Uniting the World's Movie Buffs* (Aug. 5, 2009), http://gigaom.com/video/researchers-bittorrent-is-uniting-the-worlds-movie-buffs/.

[2] *E.g.*, Andre Laroque et al., *How to Download Anonymously* (Apr. 4, 2012), http://www.wikihow.com/Download-Anonymously; Tim Brookes, *5 Best Tips To Prevent Someone From Watching You When Downloading Torrents* (Aug. 18, 2011), http://www.makeuseof.com/tag/5-tips-prevent-watching-downloading-torrents/; TorrentFreak.com, *How to Encrypt BitTorrent Traffic* (Apr. 16, 2006), http://torrentfreak.com/how-to-encrypt-BitTorrent-traffic/.

[3] Etutorials.org, *Cleaning Out the Log Files*, http://etutorials.org/Misc/computer+book/Part+3+Breaking+and+Entering+Computers/Chapter+13+Digging+In/CLEANING+OUT+THE+LOG+FILES/ (last visited June 20, 2012) ("The log file

can identify IP addresses that are currently unknown to it and substantially increase its understanding of the swarm. (*See id.*) Plaintiff will have no access to these log files without knowing the identities of the joint tortfeasors, which, in turn, will allow Plaintiff to contact these individuals and request this informal discovery.

## II.   MULTIPLE IP ADDRESSES CAN BE ASSOCIATED WITH A SINGLE INDIVIDUAL

The second reason why expedited discovery is necessary is because Exhibit A may overstate the extent of the alleged infringing activity. In cases such as this, it is common for multiple IP addresses to be associated with the same individual. The reason this happens is that consumer Internet accounts are generally assigned a dynamic IP address. A dynamic IP address is simply an IP address that is not permanently assigned to a particular subscriber. When a subscriber's modem resets, for example, the subscriber's ISP will assign the subscriber a new IP address. As a consequence, a single individual can be spotted in the swarm under the guise of several different IP addresses. This issue came to bear in *First Time Videos, LLC, v. Does 1-28*, 11-2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15 (all 28 IP address involved in the case turned out to be associated with the same individual). There, the plaintiff filed a lawsuit against 28 separate doe defendants—each of which was associated with a unique IP addresses. (*Id.*) After initial discovery was completed, the plaintiff discovered that each and every one of those 28 IP addresses was associated with the same individual. (*Id.*) Here, without knowing the number of unique individuals associated with the IP addresses listed on Exhibit A, the Court has no way of knowing how many instances of infringing conduct are truly represented by Exhibit A.

---

typically contains the following information: The IP address of the machine that performed an action or "request" on the target computer.").

### III. IN ORDER TO PROVE CONTRIBUTORY INFRINGEMENT, ONE MUST PROVE AN UNDERLYING DIRECT INFRINGEMENT

A third reason why expedited discovery is necessary is that in order to prove contributory infringement, one must prove an underlying direct infringement. The purpose of seeking the joint tortfeasors' identities is, *inter alia*, to establish contributory liability against Mr. Paschall and any later-joined parties for the infringing acts of the joint tortfeasors. *See Sony v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984) ("[T]he concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.")  In order to prove contributory infringement against a Doe Defendant and any later-joined parties, a plaintiff must prove underlying direct infringements. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 846 (11th Cir. 1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")

Just as it was necessary to ascertain Mr. Paschall's identity in order to prove his direct infringement, so too is it necessary to ascertain the joint tortfeasors' identities to prove their direct infringement. *Id.* Plaintiff will have no means of seeking information from a joint tortfeasor, examining digital forensic evidence or assessing the range of possible defenses that a joint tortfeasor might raise without first knowing who he is. *See, e.g.*, *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 4 ("Further, without these identities Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from coconspirators to aid in proving liability against John Doe and any co conspirators who are later joined to this action.")

Contributory infringement is a plausible legal theory in BitTorrent-based copyright infringement cases. Courts have already ruled that using BitTorrent to commit copyright infringement triggers contributory infringement liability. *Raw Films, Ltd. v. John Does 1-11*, No. 12cv368-WQH (NLS), 2012 WL 684763, at *2 (S.D. Cal. Mar. 2, 2012) ("Plaintiff's allegation that each defendant was willingly and knowingly a part of the 'swarm' for purposes of the infringing

conduct supports Plaintiff's claim of contributory infringement."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575, 2011 WL 6934460, at *1 (S.D. Cal. Dec. 30, 2011) ("Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in addition to direct infringement under 17 U.S.C. § 501."); *Liberty Media Holdings, LLC v. Swarm of November 16, 2010, Sharing Hash File A3E6F65F2E3D672400A5908F64ED55B66A0880B8*, No. 11-619, 2011 WL 1597495, at *3 (S.D. Cal. Apr. 26, 2011) ("Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement . . . .").

### IV. PLAINTIFF CANNOT JOIN ANY OF MR. PASCHALL'S ALLEGED JOINT TORTFEASORS TO THIS ACTION WITHOUT FIRST KNOWING WHO THEY ARE

A fourth reason why expedited discovery is necessary is that Plaintiff will have no opportunity to join any of Mr. Paschall's alleged joint tortfeasors to this action without first knowing who they are. This prospect has significance to both Plaintiff and Mr. Paschall. From Plaintiff's perspective, the ability to seek leave to name additional defendants to this action—subject to the constraints of personal jurisdiction and permissive joinder—will increase the number of individuals from whom to collect damages for the extensive harm caused by the alleged rampant infringement at the heart of this action. From Mr. Paschall's perspective, he will have no ability to pursue a contribution claim against any of his joint tortfeasors if their identities are unknown, not to mention permanently destroyed.

### CONCLUSION

Plaintiff respectfully moves the Court for leave to conduct discovery into the identities of Mr. Paschall's joint tortfeasors. Without this information, Plaintiff will have no opportunity to present an accurate picture of the full extent of the alleged infringing activity to the Court on a motion for default judgment. Further, Plaintiff will have no opportunity to seek leave to name any of Mr. Paschall's joint tortfeasors to this action. Finally, Mr. Paschall's ability to seek contribution from his joint tortfeasors will be permanently destroyed.

As an aside, Plaintiff notes that the Court's granting of this renewed application will set the adversary process in motion. The Court can anticipate vigorous challenges to Plaintiff's subpoenas

from both the alleged joint tortfeasors (who unsurprisingly would prefer to escape liability through permanent anonymity) and from Internet Service Providers that generate substantial revenue from selling the bandwidth consumed by serial infringers. By way of example, in a similar case filed by Plaintiff in the United States District Court for the Southern District of Texas, Plaintiff filed its lawsuit against a John Doe defendant alleging copyright infringement, civil conspiracy and contributory infringement. Complaint, *Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-04501 (S.D. Tex. Dec. 20, 2011). Plaintiff's complaint also identified the IP addresses of hundreds of joint tortfeasors. *Id.* Ex. A. Plaintiff's discovery application was granted. Order, *Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-04501 (S.D. Tex. Feb. 9, 2012). Almost immediately, several ISPs objected to Plaintiff's subpoena. *See, e.g.*, Motion to Compel Compliance With Subpoena, *Millennium TGA, Inc. v. John Doe*, 1:12-mc-00150-ESH-AK (D.D.C. Mar. 7, 2012). Plaintiff's motion to compel the ISPs' compliance was granted. Memorandum Order, *Millennium TGA, Inc. v. John Doe*, 1:12-mc-00150-ESH-AK (D.D.C. Apr. 18, 2012). In the meantime, several alleged joint tortfeasors filed motions to quash Plaintiff's ISP subpoenas. *See generally* Docket, No. 4:11-cv-04501. To date, all of these motions have been denied. *Id.* This Court can rest assured that the joint tortfeasors and the ISPs will not allow Plaintiff to proceed in discovering the joint tortfeasors' identities without a fight.

Respectfully submitted,

PRENDA LAW INC.

**DATED: June 20, 2012**

By:    /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 20, 2012 all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with court's Local Rule. Additionally, the following have been served via U.S. Mail:

Tyree Paschall
Booking #: 12507562
Care of: Vista Detention Facility
325 South Melrose Drive
Vista, California 92081

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.